IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TIMOTHY A. WATSON,            )
        Plaintiff,           )
                              )
v.                            )    Civil Action No. 3:25CV379 (RCY)
                              )
KIARA C. SMITH, *et al.*      )
        Defendants.          )
                              )

**MEMORANDUM OPINION**

This matter is before the Court on Plaintiff Timothy A. Watson's Emergency Motion for Preliminary Injunction and Temporary Restraining Order ("TRO") (ECF No. 9), filed on June 18, 2025. For the following reasons, the Court will deny the Motion.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Proceeding *pro se*,[1] Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that defendants violated his due process rights during the course of state child support proceedings. Plaintiff names as Defendants the following: Kiara C. Smith, the mother of Plaintiff's child and party to the relevant child support proceedings; the Virginia Division of Child Support Enforcement ("DCSE"); and the Hon. Christopher B. Ackerman, who presided over the proceedings. Specifically, Plaintiff alleges that Defendant Smith submitted "false and inflated childcare expenses" to Defendant DCSE, which formed the basis of a purportedly unconstitutional administrative child support order upheld by Defendant Ackerman.[2]

---

[1] Plaintiff first brought this matter by way of a Motion for Leave to Proceed *In Forma Pauperis* ("IFP Application," ECF No. 1). On June 16, 2025, despite the pending IFP Application, Plaintiff paid the necessary filing fees. ECF No. 2; *see* Order, ECF No. 4. Plaintiff's Complaint was filed as an independent docket entry later that day. Compl., ECF No. 5.

[2] Plaintiff also complains that Defendant Ackerman refused to hear Plaintiff's "Writ of Prohibition." Compl. 9.

In the instant Motion, Plaintiff asks the Court to grant injunctive relief to prohibit the enforcement of the administrative child support order.

## II. LEGAL STANDARD

A TRO is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to relief," *Miller v. Garland*, 674 F. Supp. 3d 296, 305 (E.D. Va. 2023) (quoting *Mountain Valley Pipeline, LLC v. W. Pocahontas Prop. LP.*, 918 F.3d 353, 366 (4th Cir. 2019)), and "may never be obtained as a matter of right." 11A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2948 (3d ed. 2002). Thus, the party who moves for a TRO bears the burden to "clearly establish[]" that such relief is warranted. *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017). To show such entitlement, the movant must establish the same four factors that govern preliminary injunctions: (1) the likelihood of irreparable harm to the plaintiff if the TRO is denied; (2) the likelihood of harm to the defendants if the TRO is granted; (3) the likelihood that the plaintiff will succeed on the merits; and (4) the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## III. ANALYSIS

**A.    Plaintiff Fails to Establish Adequate Likelihood of Success on the Merits**

Most saliently, Plaintiff fails to meet the demanding standard required of TROs because he has failed to show an adequate likelihood of success on the merits. In fact, it is clear from the face of Plaintiff's Complaint that he has not articulated a justiciable claim against any of the three defendants.

As noted, Plaintiff brings his claim under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of [law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

2

42 U.S.C. § 1983.

First, Plaintiff's claim against DCSE must fail because a state—as well as its agencies—is not a "person" within the meaning of § 1983. *Will v. Mich. Dep't State Police*, 491 U.S. 58, 63–65 (1989); *accord Farr v. Mass. Dep't Rev.*, 2024 U.S. Dist. LEXIS 242217, at *2 (D. Mass. Dec. 20, 2024). And, Plaintiff's claim against Defendant Ackerman must fail because, as a judge sued in his official capacity, he is afforded absolute immunity. *E.g.*, *Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985).

This leaves only Plaintiff's claim against Defendant Smith. The *Rooker-Feldman* doctrine,[3] however, dictates that this claim must fail, too. Title 28 U.S.C. § 1257 provides that only the Supreme Court of the United States may review a state court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). Lower federal courts, however, are prohibited from such review. *Id.* The *Rooker-Feldman* doctrine builds upon § 1257 to further prohibit district courts from "exercising [subject matter] jurisdiction in cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Stratton v. Mecklenburg County Dep't of Soc. Servs.*, 521 F. App'x 278, 288 (4th Cir. 2013) (citation modified). Moreover, a plaintiff cannot circumvent *Rooker-Feldman* by disguising a complaint with a state-court judgment as a civil rights action. *Davis v. Singer*, 2014 U.S. Dist. LEXIS 193125, at *6 (E.D. Va. Aug. 5, 2014) (dismissing a § 1983 complaint alleging a violation of civil rights by state court proceedings that resulted in the loss of parental rights pursuant to the *Rooker-Feldman* doctrine).

---

[3] The *Rooker-Feldman* doctrine refers to the United States Supreme Court's interpretation of 28 U.S.C. § 1257 in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

3

Plaintiff's Complaint asks this Court to review the substance of a state-court judgment—the administrative child support order. Such review is prohibited by *Rooker-Feldman*, no matter the statute cited by Plaintiff. *Id.* Thus, despite Plaintiff's attempt to cast his frustration with the state court's judgment as a § 1983 claim, the Court lacks subject matter jurisdiction over the matter.[4]

Plaintiff has failed to state a claim against any of the three named defendants. As such, he has failed to demonstrate a likelihood of success on the merits, and his Motion will be denied.

**B.      The Court Lacks Jurisdiction**

More broadly, for the reasons articulated above, the Court finds that it lacks jurisdiction over the entirety of this case. The Court has an independent obligation to screen for the existence of jurisdiction. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. Rule Civ. Proc. 12(b)(1), may be raised by . . . a court on its own initiative . . . . [Federal] Rule [of Civil Procedure] 12(h)(3) instructs: 'Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'"). Because the *Rooker-Feldman* doctrine bars the Court from reviewing the entirety of the events and subject matter about which Plaintiff complains, the Court lacks jurisdiction over the Complaint. *E.g.*, *Santini v. Rucker*, 2023 U.S. Dist. LEXIS 180834, at *12 (E.D. Va. Oct. 5, 2023) ("Because Plaintiff's Complaint is essentially a direct appeal of state court judgments, the Court lacks jurisdiction over her claims and must

---

[4] Plaintiff additionally fails to meet the high standard for obtaining a TRO because, notwithstanding the title of his Motion, Plaintiff does not articulate an "emergency" and thus fails to establish an impending irreparable injury. *E.g., Williams Ohio Valley Midstream, LLC v. Kittle*, 2024 U.S. App. LEXIS 16552, at *8–9 (4th Cir. July 8, 2024). The purported harm faced by Plaintiff appears to be limited to monetary losses as ordered by the administrative child support order, which is similarly insufficient to warrant a TRO or preliminary injunction. *Id.* at *11.

dismiss this civil action pursuant to the *Rooker-Feldman* doctrine."). As such, the Court will dismiss the action in its entirety.

### IV. CONCLUSION

Because the Court lacks jurisdiction over this action, it will both deny the instant Motion and dismiss this action *sua sponte*. An appropriate order shall issue.

/s/ RCY
Roderick C. Young
United States District Judge

Date: June 30, 2025
Richmond, Virginia